UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Fan Zhao Xin,<br><br>    Petitioner<br><br>v.<br><br>James Billingsley, Residential Reentry Manager, Federal Bureau of Prisons,[1]<br><br>    Respondent | Case No: 2:22-cv-01239-JAD-VCF<br><br>**Order Directing Response to Petition by September 15, 2022** |

Petitioner Fan Zhao Xin is a federal prisoner who filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the Central District of California. The Central District of California transferred the petition to this district based on findings that jurisdiction did not exist in the Central District of California and that transfer, rather than dismissal, was in the interest of justice.[2] Having reviewed the petition, I direct the Clerk of Court to serve it on the U.S. Attorney for this district and I order the government to respond to the petition by September 15, 2022.

Xin was convicted of a federal narcotics offense in the District of Nevada and sentenced to 60 months in custody. He served the bulk of that sentence at the Terminal Island facility in

---

[1] According to the BOP's Inmate Locator, petitioner is currently supervised by RRM Phoenix, a Residential Reeentry Management field office. *See* "Find an Inmate," https://www.bop.gov/inmateloc/ (result using Register No. 05650-093, last accessed August 3, 2022). In addition, the government represents that RRM Phoenix oversees Nevada. ECF No. 5 at 5. Thus, James Billingsley, the Residential Reentry Manager at RRM Phoenix, is substituted for Warden J. Engleman as the respondent in this case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (holding that the default rule is that petitioner's current custodian is the proper respondent in habeas cases).

[2] The transfer order is filed herein at ECF No. 9. Absent citation to another source, the factual information in this order is taken from that order.

California.  But when he filed his § 2241 petition, he had been released from Terminal Island and placed on home detention in Las Vegas, Nevada.  For that reason, the Central District of California determined that Xin had filed his petition in the wrong district.

      Habeas petitions under § 2241 are subject to the screening requirements that apply to § 2254 petitions.[3]  In his petition, Xin alleges that he is eligible for credits under the First Step Act[4] that would shorten or terminate his sentence.[5]  He claims that he has participated in the necessary programs and notes that the Act's implementation date of January 15, 2022, has passed.  In responding to the petition in the Central District of California, the government acknowledged that habeas corpus relief under § 2241 "is the correct mechanism to challenge the custodial time credits [petitioner] has or has not received."[6]

      I conclude that the petition alleges facts that may serve as a basis for finding that the petitioner has been deprived of First Step Act credits to which he may be entitled.  Xin also alleges that his case manager has denied him access to the administrative-remedy process.[7]  In light of these circumstances and the Central District of California's decision to transfer (rather than dismiss) this case, I conclude that the habeas petition warrants further response from the government.

---

[3] *See* Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), Habeas Rule 1(b) (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by" § 2254).

[4] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[5] ECF No. 1 at 3–4.

[6] ECF No. 5 at 5.

[7] *See Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004) (recognizing possible exceptions to the general rule requiring exhaustion of administrative remedies).

**IT IS THEREFORE ORDERED** that the Clerk of Court is directed to:

- **SUBSTITUTE** James Billingsley, the Residential Reentry Manager at RRM Phoenix, for Warden J. Engleman as the respondent in this case;
- **SERVE** the copies of the petition (ECF No. 1) and this order on the U.S. Attorney for the District of Nevada; and
- **PROVIDE** the United States Attorney an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the U.S. Attorney only.

**IT IS FURTHER ORDERED** that the assigned Assistant U.S. Attorney must **file a notice of appearance by August 30, 2022**, and the government must file a response to the **petition by September 15, 2022.** Petitioner Xin will then have **30 days** from service of the answer, motion to dismiss, or other response **to file a reply or opposition.**

Dated: August 16, 2022

_____
U.S. District Judge Jennifer A. Dorsey